1 | **WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|   |   |
|---|---|
| Todd Lee Smith, | No. CV-03-1810-PHX-SRB |
| Petitioner, | <u>DEATH PENALTY CASE</u> |
| v. | |
| Charles L. Ryan, et al., | **ORDER** |
| Respondents. | |

Before the Court is Petitioner's Motion to Alter or Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Dkt. 72.) The motion is brought in response to the Court's orders denying Petitioner's amended habeas corpus petition. (Dkts. 64, 70.)

**DISCUSSION**

Rule 59(e) offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). The Ninth Circuit has consistently held that a motion brought pursuant to Rule 59(e) should only be granted in "highly unusual circumstances." *Id.*; *see 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Reconsideration is appropriate only if (1) the court is presented with newly discovered evidence, (2) there is an intervening change in controlling law, or (3) the court committed clear error. *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam); *see School Dist. No. 1J,*

*Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration is not a forum for the moving party to make new arguments not raised in its original briefs, *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988), or to ask the court to "rethink what it has already thought through," *United States v. Rezzonico*, 32 F. Supp.2d 1112, 1116 (D. Ariz. 1998) (quotation omitted).

Petitioner first asks the Court to alter or amend its judgment with respect to Claim 20, which alleged that Arizona's lethal injection procedures constitute cruel and unusual punishment in violation of the Eighth Amendment. Second, Petitioner presents several arguments concerning claims the Court found procedurally barred.

**Lethal Injection**

In an order addressing Petitioner's requests for evidentiary development, the Court determined that Petitioner had never raised in state court a claim challenging the constitutionality of lethal injection. (Dkt. 64 at 28.) The Court further found the claim was technically exhausted but procedurally barred due to an absence of available state remedies. (*Id.* at 28-29.) In the instant motion, Petitioner points to state court orders in several other capital cases, entered after this Court's determination in his case, permitting the filing of successive state post-conviction petitions for the purpose of raising challenges to Arizona's lethal injection protocol. He asserts that the Court must reopen his case and stay proceedings while he returns to state court to litigate this claim. While arguably an intervening change in the law, the Court declines to grant relief under Rule 59 because (1) the claim is plainly meritless under controlling habeas law, and (2) Petitioner is already litigating this issue in a separate action pursuant to 42 U.S.C. § 1983.

The United States Supreme Court has never held that lethal injection constitutes cruel and unusual punishment, *see Baze v. Rees*, 128 S. Ct. 1520 (2008), and the Ninth Circuit has concluded that death by lethal injection in Arizona does not violate the Eighth Amendment. *See LaGrand v. Stewart*, 133 F.3d 1253, 1265 (9th Cir. 1998); *Poland v. Stewart*, 117 F.3d 1094, 1104-05 (9th Cir. 1997); *see also Dickens v. Brewer*, No. 07-CV-1770-NVW, 2009 WL 1904294 (D. Ariz. July 1, 2009) (Arizona's lethal injection protocol does not violate

Eighth Amendment). Because this claim is plainly meritless and Petitioner has failed to show good cause for not raising the claim in state court when he had the opportunity to do so, it would be an abuse of discretion for the Court to permit stay and abeyance. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) (holding that because staying a petition "frustrates AEDPA's objectives of encouraging finality," stay and abeyance is appropriate only "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," his unexhausted claims are not plainly meritless, and he demonstrates he has not engaged "in abusive litigation tactics or intentional delay").

Moreover, Petitioner is a plaintiff in a § 1983 action challenging Arizona's lethal injection protocol. *Dickens v. Brewer*, U.S.D.C. No. 07-CV-1770-NVW. As he notes in his motion, an appeal is pending from the district court's grant of Defendant's motion for summary judgment. Although challenges to execution procedures have been permitted in both habeas petitions and civil rights actions, *see Nelson v. Campbell*, 541 U.S. 637, 644 (2004) (observing but declining to reach question of whether challenges to method of execution fall within core of federal habeas corpus or should be viewed as challenges to conditions of death sentence), the Court finds no good cause under *Rhines* to delay these habeas proceedings in light of Petitioner's on-going civil rights action.

**Procedurally Barred Claims**

Petitioner also seeks reconsideration of the Court's finding that "there was no remedy or forum for claims regarding the effectiveness of post-conviction counsel in Arizona," asserting that intervening state court decisions illustrate that "the lack of a remedy for ineffective post-conviction counsel is not a procedural bar in state court that is consistently followed or, that the Arizona post-conviction process is inadequate under the AEDPA." (Dkt. 72 at 4.)

Petitioner's motion fails to identify the claims on which the Court allegedly found no remedy for claims concerning the effectiveness of post-conviction counsel. In its order of March 21, 2006, concerning Petitioner's requests for evidentiary development, the Court found that Claims 3 (in part), 5 (in part), 14, 15, 16, and 20 had not been properly exhausted

in state court. In his traverse, Petitioner asserted the ineffectiveness of post-conviction counsel as cause only for the default of ineffectiveness of trial or appellate counsel claims (Claims 3, 5, and 15). (Dkt. 37 at 20.) However, in considering Petitioner's cause argument, the Court did not conclude that Petitioner had no remedy in state court to exhaust claims alleging ineffective assistance of post-conviction counsel. Rather, the Court determined as a matter of law that, because Petitioner had no constitutional right to the effective assistance of post-conviction counsel, it could not serve as cause to excuse any procedural default. (Dkt. 64 at 14-17.) Thus, Petitioner's new arguments concerning the adequacy of Arizona's post-conviction process for the purpose of presenting claims challenging post-conviction counsel's effectiveness are both improper, *Northwest Acceptance Corp.*, 841 F.2d at 925-26, and not on point.

Petitioner also argues that the Court erred in finding that Arizona's preclusion bars are adequate and that Petitioner therefore lacked a remedy to exhaust any unexhausted claims. Petitioner appends a plethora of exhibits to support his claim that Arizona does not regularly and consistently apply its successive petition bars.

First, Petitioner has improperly raised an argument that was not made in his original briefs. In their Answer, Respondents asserted that claims not previously presented in state court are generally precluded from review in successive post-conviction proceedings, unless the claim falls under one of the exceptions to preclusion set forth in Arizona Rule of Criminal Procedure 32.1(d)-(h). (Dkt. 32 at 17.) In response, Petitioner did not assert that Arizona's rules of preclusion are inadequate; rather, he argued alternatively that Arizona's preclusion rules are too "complex" for interpretation by a federal court and that his unexhausted claims fell into one of Arizona's exceptions to preclusion. (Dkt. 37 at 51, 119, 124, 131.) As already noted, a motion for relief under Rule 59 is not an appropriate vehicle for raising new arguments. *Northwest Acceptance Corp.*, 841 F.2d at 925-26.

Second, none of Petitioner's exhibits call into question the authority relied on by the Court in determining lack of available state remedies for his unexhausted counsel

ineffectiveness claims. *See Stewart v. Smith*, 202 Ariz. 446, 449, 46 P.3d 1067, 1070 (2002) (noting that ineffectiveness claims raised in successive postconviction relief petition will be precluded automatically if ineffectiveness claim was presented in an earlier postconviction petition); *see also Ortiz v. Stewart*, 149 F.3d 923, 932 (9th Cir. 1998) (finding Rule 32.2(a)(3) regularly followed and adequate); *Poland v. Stewart*, 117 F.3d 1094, 1106 (9th Cir. 1997) (same); *Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1306 (9th Cir. 1996) (previous version of Arizona's preclusion rules "adequate"); *Carriger v. Lewis*, 971 F.2d 329, 333 (9th Cir. 1992) (en banc) (same).

Based on the foregoing,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Alter or Amend Judgment (Dkt. 72) is **DENIED**.

DATED this 23rd day of December, 2009.

_____
Susan R. Bolton
United States District Judge